UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AKEEM ANTHONY GRAHAM,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER, *et al*.,

Respondents.

Case No. 1:26-cv-05928 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Before the Court is Petitioner Akeem Anthony Graham's petition for writ of habeas corpus through which he seeks release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). For the reasons that follow, the Court grants the petition in part and orders the Government to provide Petitioner with a prompt bond hearing.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Jamaica who entered the United States on a B-1/B-2 tourist visa on December 24, 2020 with an expiration date of June 23, 2021. Dkt. No. 1 at 6; Dkt. No. 11-1 at 2. Following his entry, and prior to the expiration of his visa, he married a United States citizen on June 21, 2021. Dkt. No. 1 at 5.

Starting in 2022 and continuing until his most recent arrest by ICE in 2024, Petitioner was arrested seven times, including on charges for battery, conditional release violations, petit theft, larceny, resisting arrest, and drug possession. Dkt. No. 11-1 at 1–2; Dkt. No. 11-2 at 4–15. These arrests occurred on August 17, 2022, September 16, 2022, May 12, 2023, July 1, 2023,

July 25, 2023, September 12, 2023, and November 7, 2024. Dkt. No. 11-1 at 1–2. He claims that they largely stemmed from him being homeless for a period of time. Dkt. No. 1 at 6.

Records submitted by Respondents indicate that Immigration Authorities were informed of Petitioner's August 17, 2022 arrest, September 16, 2022 arrest, and July 1, 2023 arrest, but that they chose not to take any action each time. Dkt. No. 11-1 at 3. However, it appears ICE did take Petitioner into custody following his July 25, 2023 arrest and opened removal proceedings against him around that same time. *Id.*; Dkt. No. 11-3. On August 4, 2023, immigration authorities released Petitioner on his own recognizance. Dkt. No. 11-1 at 3. Fifteen months after his release from immigration custody, Petitioner was again arrested by local law enforcement for resisting arrest and drug possession. Dkt. No. 11-3 at 14–15. He was transferred from state custody to ICE custody shortly after his arrest on or around November 7, 2024. Dkt. No. 1 at 6.

Petitioner's removal proceedings continued to progress while he was in ICE custody. On April 17, 2025, an Immigration Judge ("IJ") denied all immigration relief and ordered Petitioner removed to Jamaica. *Id.*; Dkt. No. 1-1 at 4–5. Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA"), who then remanded the case back to the IJ with instructions to apply the law to the facts of Petitioner's case. *See* Dkt. No. 1-2 at 4–5. On October 29, 2025, the IJ again denied all immigration relief and ordered Petitioner removed. Dkt. No. 1-3 at 11. Petitioner appealed the order to the BIA, and the appeal remains pending. Dkt. No. 1 at 6.

Though Petitioner has now been detained for over twenty-three months, he has not sought or received a bond hearing to determine whether his continued detention is necessary based on a finding of flight risk or danger to the community.

## II. DISCUSSION

Petitioner contends that his prolonged detention without any finding by an IJ that he presents a flight risk or danger to the community violates both his procedural and substantive due process rights under the Fifth Amendment. *Id.* at 16–19. Notably Petitioner does not dispute that he was lawfully detained under 8 U.S.C. § 1226(a), nor does he argue that the Government unlawfully terminated his prior release on his own recognizance. Rather, he contends that the

only remedy for his prolonged detention is release because the Government is incapable of providing a neutral bond hearing. *Id*. at 7 –14. Respondents oppose relief, arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is, therefore, entitled to request a custody redetermination hearing at any point. Dkt. No. 11 at 3. Given this, they argue that he should be required to exhaust his administrative remedies before seeking habeas relief or, if any relief is granted, it should be in the form of a bond hearing, rather than immediate release. *Id*. at 4.

As Respondents concede that Petitioner may receive a bond hearing under § 1226(a), and that "the petition for writ of habeas corpus can be construed as Petitioner's request for a hearing[,]" the Court need not consider their exhaustion argument. *Id*. at 3. However, the Court declines to grant release, and instead finds that Petitioner is entitled to a prompt custody redetermination hearing before an IJ.

Under circumstances where the Government failed to make any showing that they abided by the procedures authorizing detention under § 1226(a), some courts have granted immediate release. *See, e.g.*, *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence that Petitioner was arrested with a warrant or that an initial custody determination was made prior to detention); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public). Similarly, courts have granted release where an individual was previously released by immigration authorities on his own recognizance, but re-detained without any showing of changed circumstances. *See, e.g.*, *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540, at *3–4 (E.D. Cal. May 14, 2026); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025). Here, however, Petitioner has not brought such a claim. Indeed, he has not argued that he was unlawfully arrested under § 1226(a), and the circumstances of his arrest by ICE suggest that he may have violated the conditions of his prior release on his recognizance, rendering the initial revocation of his release

appropriate. Accordingly, a prompt custody hearing is proper under the circumstances.

Further, the Court cannot make a finding that the immigration court is incapable of providing a fair hearing. Moreover, given Petitioner's record of criminal activity, it seems like he could have an uphill battle. But if, after the hearing, there is evidence that the presiding IJ acted improperly, release or a renewed hearing may be warranted.

## III. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request.

The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: October 13, 2026



VINCE CHHABRIA
United States District Judge